IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE PIGOTT**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0083-WS-C** |
| | ) |
| **SANIBEL DEVELOPMENT, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on Plaintiffs' Joint Motion to Disqualify Defendant's Counsel Samuel G. McKerrall (doc. 39). The Motion has been briefed and is now ripe for disposition.

    Plaintiffs' position is that defendant Sanibel Development, LLC's counsel of record, Samuel G. McKerrall, must be disqualified from representing Sanibel in these proceedings because he "has presented himself as a fact witness in this cause by filing an affidavit" in earlier motion practice. (Motion to Disqualify, ¶ 2.) According to plaintiffs, McKerrall's affidavit includes "factual assertions ... which go to the heart of the issues presented," such that he "is subject to deposition and to being called as a witness." (*Id.*, ¶ 3.) Plaintiffs further maintain that disqualification is necessary because McKerrall has written letters to nonparties that reflect an "intimate knowledge" of Sanibel's business operations. (*Id.*, ¶ 4.) On these grounds, plaintiffs contend that McKerrall must be disqualified under Rule 3.7 of the Alabama Rules of Professional Conduct.

    The law is clear that a civil litigant "is presumptively entitled to the counsel of his choice, [and] that right may be overridden only if compelling reasons exist." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003); *see also Macheca Transport Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) ("A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.") (citations omitted). "The party moving to disqualify counsel bears the burden of proving the grounds for

disqualification." *BellSouth*, 334 F.3d at 961.  Furthermore, "[b]ecause of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict scrutiny." *Macheca*, 463 F.3d at 833 (citation omitted); *see also Herrmann v. GutterGuard, Inc.*, 2006 WL 2591878, *6 (11th Cir. Sept. 11, 2006) (observing that disqualification orders are harsh sanctions that should be resorted to sparingly and that disqualification motion brought by opposing counsel should be viewed with caution because of potential misuse as a technique of harassment); *In re Employment Discrimination Litigation Against Alabama*, 453 F. Supp.2d 1323, 1332 (M.D. Ala. 2001) ("because a motion for disqualification is such a potent weapon and can be misused as a technique of harassment, the court must exercise extreme caution in considering it to be sure it is not being used to harass the attorney sought to be disqualified") (citation omitted).

"[R]ules of professional conduct generally disapprove of lawyers testifying at proceedings in which they are also advocates." *Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001).  Like every other attorney who appears in this District Court, McKerrall is bound by Local Rule 83.5(f), which provides in pertinent part that all attorneys appearing here shall read and abide by "the ethical limitations and requirements governing the behavior of members of the Alabama State Bar."  *Id.*  As such, there is no question that McKerrall is duty-bound in this case to comply with Rule 3.7(a) of the Alabama Rules of Professional Conduct, which provides as follows: "A lawyer shall not act as an advocate at a trial in which ***the lawyer is likely to be a necessary witness***, except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."  *Id.* (emphasis added).[1]  The critical question is whether McKerrall is "likely to be a necessary witness" within the meaning of Rule 3.7.

In construing Rule 3.7, Alabama appellate courts have explained that "[a] necessary

---

[1] The text of this rule is identical to that set forth in Rule 3.7 of the American Bar Association's Model Rules of Professional Conduct.  *See generally Roberts v. Hutchins*, 572 So.2d 1231, 1234 n.3 (Ala. 1990) (recognizing that "[t]he new Alabama Rules of Professional Conduct were adopted from the Model Rules of Professional Conduct of the American Bar Association").  Many other states have likewise adopted the ABA's Model Rules, so other jurisdictions' interpretations of their states' version of Rule 3.7 are instructive in construing Alabama's Rule 3.7.

witness is one who has crucial information in his possession which must be divulged." *Bradford v. State*, 734 So.2d 364, 369 (Ala.Crim.App. 1999). "The necessity standard requires more than mere speculation that counsel will be required to testify." *Id.* In fact, numerous courts in other jurisdictions examining the same or substantially similar ethical prohibitions on counsel acting as both witness and advocate have held that disqualification is warranted only if there is no other evidence available to prove facts as to which the attorney has personal knowledge. *See, e.g., Macheca*, 463 F.3d at 833 (interpreting Missouri's version of Rule 3.7 to mean that "an attorney is a necessary witness only if there are things to which he will be the only one available to testify"); *Mettler v. Mettler*, 928 A.2d 631, 633 (Conn.Super. 2007) (under Rule 3.7, "[a] necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide"); *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind.App. 2006) ("If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness.") (citation omitted); *Clough v. Richelo*, 616 S.E.2d 888, 891-92 (Ga.App. 2005) (interpreting analogous Georgia rules as requiring party seeking disqualification under Rule 3.7 to demonstrate "that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts"); *Weigel v. Farmers Ins. Co.*, 158 S.W.3d 147, 153 (Ark. 2004) (adopting standard that disqualification is warranted under Rule 3.7 only if evidence of which attorney has personal knowledge "is unobtainable elsewhere"); *State v. Van Dyck*, 827 A.2d 192, 194 (N.H. 2003) ("A lawyer is a necessary witness if his or her testimony is relevant, material and unobtainable elsewhere.") (citation omitted); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994) (same).

      The Court concurs with these authorities and construes the "necessary witness" standard of Rule 3.7 of the Alabama Rules of Professional Conduct as requiring the party seeking disqualification to establish that relevant, material evidence could not be obtained other than by calling the attorney as a witness. In addition to being a common-sense reading of the rule that comports with myriad case authorities construing identical language in other jurisdictions, such a narrow construction of this rule promotes the objectives of mandating disqualification only in the presence of compelling circumstances, safeguarding a civil litigant's right to counsel of its

choice, and preventing manipulation of the ethical rules by adverse litigants to secure tactical advantages.

Sanibel has unequivocally stated that it does not intend to call McKerrall as a witness at trial for any purpose (doc. 43, at 5). It will be bound by this representation. Thus, the disqualification motion hinges on plaintiffs' desire to call McKerrall as a witness. But plaintiffs' filings neither explicitly argue nor implicitly suggest that McKerrall possesses personal knowledge of material information that no one else can provide. To be sure, plaintiffs make much of the Affidavit of Samuel McKerrall filed in this action on April 3, 2007. (Doc. 18, at Exh. A.) But this short, perfunctory Affidavit is confined to the following facts: (a) McKerrall is Sanibel's acting general counsel; (b) the total number of units in the Sanibel development is 108; (c) at least 9 of those units were sold under contracts obligating Sanibel to erect a condominium building within a period of two years; and (d) at least 9 units were never made available to the public but were instead sold to persons engaged in bona fide land sales businesses. (*Id.*) There is absolutely no reason to believe that any of these facts lies within the exclusive purview of McKerrall. Logic and common sense tell us that there are any number of other forms of evidence that plaintiffs might use to establish the number of units in the development, as well as the numbers of units sold under mandatory two-year contracts and the numbers of units sold to persons engaged in bona fide land sales businesses. Thus, these facts should be readily obtainable through other documents and witnesses, without the need to call McKerrall, whose testimony on those points would simply be cumulative. Plaintiffs have made no showing to the contrary. In short, then, the McKerrall Affidavit may have been ill-advised in inviting this kind of Rule 3.7 challenge; however, nothing in its terms transforms McKerrall into a necessary witness. *See Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 556 (Ky. 2001) ("The limited and specialized use of an affidavit by an attorney, who does not testify at trial for his clients, provides an insufficient justification to allow opposing counsel to deprive a party of its right to counsel of its choice ... absent a showing that the information contained therein is unobtainable from other sources.").

Plaintiffs also point to two letters sent by McKerrall to nonparties that plaintiffs contend are indicative of McKerrall's "intimate knowledge of how Sanibel participated in the flipping of condominiums." (Doc. 39, ¶ 4.) Assuming that this information is relevant to a disputed issue in

this case, plaintiffs have not shown that McKerrall's testimony is crucial to an understanding of how Sanibel's alleged flipping scheme worked.  Surely other witnesses have "personal knowledge of Sanibel's sales and marketing structure" (doc. 45, ¶ 6).  In any event, plaintiffs have failed to demonstrate that McKerrall's testimony is necessary to these issues or that this evidence is not obtainable through other avenues.

      For all of the foregoing reasons, it is the opinion of this Court that plaintiffs have failed to carry their burden of establishing that McKerrall is a necessary witness at the trial of this case, as required in order for disqualification to be appropriate under Rule 3.7 of the Alabama Rules of Professional Conduct.  While McKerrall might prove to be a helpful or useful witness, there is no reason to believe that he is a necessary witness.  All appearances are that any relevant facts within his personal knowledge are obtainable by plaintiffs through other witnesses and documents.  There being no grounds at this early stage of the litigation to support plaintiffs' contention that their rights would be prejudiced if Sanibel were permitted to continue being represented by the counsel of its choice in this action, the Joint Motion to Disqualify (doc. 39) is **denied**.

      DONE and ORDERED this 17th day of September, 2007.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE