IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE PIGOTT**, *et al.*,      ) | |
| Plaintiffs,      ) | |
|      ) | |
| v.      ) | CIVIL ACTION 07-0083-WS-C |
|      ) | |
| **SANIBEL DEVELOPMENT, LLC**,      ) | |
| Defendant.      ) | |
| | |
| **SANIBEL DEVELOPMENT, LLC**,      ) | |
| Plaintiff,      ) | |
|      ) | |
| v.      ) | CIVIL ACTION 07-0691-WS-C |
|      ) | |
| **CYNTHIA PRIOLET**, *et al.*,      ) | |
| Defendants.      ) | |

**ORDER**

On October 16, 2007, the undersigned entered an Order (doc. 2) in Civil Action No. 07-0691-WS-C, which was recently removed from state court, that, *inter alia*, stated as follows: "[T]he parties are **ordered**, on or before **October 26, 2007**, to show cause why the instant action should not be consolidated with Civil Action No. 07-0083-WS-C pursuant to Rule 42(a), Fed.R.Civ.P." The rationale for this directive was that, by all appearances, Civil Action No. 07-0691-WS-C involves the same parties and the same factual and legal issues being litigated in *Janice Pigott, et al. v. Sanibel Development, LLC*, Civil Action No. 07-0083-WS-C, such that it would appear to be an exceedingly inefficient use of judicial and party resources to allow precisely the same dispute to be litigated in two separate lawsuits in the same court before the same judge. The law is clear that district courts are authorized to consolidate cases for trial *sua sponte*, without a motion from the parties. *See, e.g., Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."); *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 15 (D.D.C. 2007) ("By its plain language, Rule 42(a) permits *sua sponte* consolidation."); *Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp.2d

1009, 1013-14 (S.D. Ill. 2007) ("A court may order consolidation *sua sponte* and, if need be, over the objections of parties.").

Defendants in 07-0691 submitted no response to the October 16 Order. Plaintiff did file a response (doc. 8) in which it requested "that the causes of action in [this case] be consolidated and tried with the cases involving these same parties now pending in this court, being Case No. 2007-CV-0083 and 2007-CV-00090 (consolidated under 2007-CV-00083)." (Doc. 8, at 1.)

The consolidation question is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko*, 243 F.R.D. at 15; *see also Vasquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excess cost incurred by all parties and the government, and the waste of valuable court time in the trial of repetitive claims, among other considerations).

Examination of these two virtually identical actions involving the same parties readily confirms that there are considerable common questions of law and fact, that consolidation would promote the interests of judicial economy and convenience, and that consolidation would not

appear likely to yield any substantial inconvenience, delay or expense for the Court or the litigants.  Simply put, 07-0691 is the declaratory judgment counterpart to the dispute concerning condominium transactions that underlies 07-0083, with the legal issues and parties being identical in all material respects in both cases.  For these reasons, and given plaintiff's consent to consolidation and defendants' failure to articulate any objection despite ample opportunity to do so, the Court exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P., **for all purposes**, including discovery and trial.  The Clerk of the Court is hereby **directed** to extract documents 1 through 8 from Civil Action No. 07-0691-WS-C and to make those documents a part of the court file in Civil Action No. 07-0083-WS-C.

The Court finds that there is no present reason to maintain Civil Action No. 07-0691-WS-C as an open file.  Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid any confusion, and given that 07-0691 will henceforth be a closed file that has been swallowed whole by 07-0083, the parties are **ordered** not to include the caption of 07-0691 in any future filings in this action and not to file any pleadings directly in 07-0691.  Rather, all future filings in these consolidated proceedings should be made exclusively in 07-0083.

DONE and ORDERED this 1st day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE