IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE PIGOTT,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0083-WS-C |
| ) | |
| **SANIBEL DEVELOPMENT, LLC,** ) | |
| Defendant. ) | |

_____

| | |
|---|---|
| **RICHARD TAYLOR,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0185-WS-C |
| ) | |
| **SANIBEL DEVELOPMENT, LLC,** ) | |
| Defendant. ) | |

**ORDER**

These matters come before the Court on the respective plaintiffs' collective Motion to Consolidate Actions and to Extend the Discovery Completion Date (doc. 56).[1]

In their Motion, plaintiffs maintain that consolidation is appropriate, pursuant to Rule 42(a), Fed.R.Civ.P., because each case involves the same defendant and precisely the same "primary cause of action" under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* In light of this significant overlap, plaintiffs allege that "judicial economy would be promoted by having one trial of these issues with one result instead of having multiple trials." (Motion, ¶ 2.) According to the Motion, Sanibel Development, LLC, the defendant in both actions, does not oppose the proposed consolidation.

Rule 42(a) affords a district court authority to order multiple actions consolidated

---

[1] The *Pigott v. Sanibel* action has previously been the subject of two consolidation Orders dated April 3, 2007 (doc. 19) and November 1, 2007 (doc. 55). The consequence of those Orders is that the *Pigott* action is the lead case into which two other actions involving Sanibel have been consolidated, to-wit: *Cynthia Priolet, et al. v. Sanibel Development, LLC*, Civil Action No. 07-0090-C, and *Sanibel Development, LLC v. Cynthia W. Priolet, et al.*, Civil Action No. 07-0691-WS-C.

"[w]hen actions involving a common question of law or fact are pending before the court." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko*, 243 F.R.D. at 15; *see also Vasquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excess cost incurred by all parties and the government, and the waste of valuable court time in the trial of repetitive claims, among other considerations).

Examination of these two actions confirms that there are considerable common questions of law and fact, that consolidation would promote the interests of judicial economy and convenience, and that consolidation would not appear likely to yield any substantial inconvenience, delay or expense for the Court or the litigants. For these reasons, and given all plaintiffs' expressed desire for consolidation and defendant's position that it does not object to such consolidation, the Court **grants** the Motion to Consolidate Cases (doc. 56) and exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P., **for all**

**purposes**, including discovery and trial.[2]  The Clerk of the Court is hereby **directed** to extract documents 1 through 20 from Civil Action No. 07-0185-WS-C and to make those documents a part of the court file in Civil Action No. 07-0083-WS-C.

The Court finds that there is no present reason to maintain Civil Action No. 07-0185-WS-C as an open file.  Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid any confusion, and given that 07-0185 will henceforth be a closed file that has been swallowed whole by 07-0083, the parties are **ordered** not to include the caption of 07-0185 in any future filings in this action and not to file any pleadings directly in 07-0185.  Rather, all future filings in these consolidated proceedings should be made exclusively in 07-0083.

In addition to seeking consolidation, plaintiffs' Motion (doc. 56) requests an extension of the applicable discovery deadline(s).  That aspect of the Motion is **referred** to Magistrate Judge Cassady for ruling.

DONE and ORDERED this 13th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]  The Court understands that Sanibel contends that the fraud claims in the *Pigott* action should be tried in a separate proceeding from the other claims.  The Court need not and will not resolve that issue in ruling on the pending request for consolidation.  To the extent that Sanibel wishes to argue that the *Pigott* fraud claims should be severed for trial purposes, nothing herein would forbid it from filing an appropriate motion at an appropriate time.