IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE PIGOTT,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0083-WS-C |
| | ) |
| **SANIBEL DEVELOPMENT, LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' Motion to Transfer and Interplead Funds (doc. 61).  For the reasons stated below, the Motion is **granted in part**.

In its present form, this action consists of multiple proceedings that have been consolidated for purposes of efficiency and judicial economy.  One of those strands of consolidated proceedings is the action captioned *Sanibel Development, LLC v. Janice Pigott, et al.*, originally filed in the Circuit Court of Baldwin County, Alabama, where it was assigned case number CV-2007-900040.  That case was subsequently consolidated into another Baldwin County action, captioned CV-2007-900038, after which the consolidated action was removed to this District Court as *Sanibel Development, LLC v. Janice Pigott, et al.*, Civil Action No. 07-0691-WS-C.  Civil Action No. 07-0691 was consolidated into the instant proceedings via Order (doc. 55) entered on November 1, 2007.

On April 4, 2007, prior to the removal of CV-2007-900038, then-defendant Gulf Shores Title, Inc., interpleaded the sum of $106,000 in state court via check payable to the Circuit Court Clerk.  (*See* doc. 3-25 of Civil Action No. 07-0691-WS-C.)  Although not evident from the docket sheet materials in the court file, and although plaintiffs offer no date or exhibit to confirm it, plaintiffs have represented to this Court that Gulf Shores interpleaded an additional sum of $122,600 in the Circuit Court of Baldwin County in those same proceedings.  (*See* doc. 61, ¶ 1.) On September 27, 2007, Judge Wilters granted Gulf Shores' motion to dismiss, and authorized payment of fees and costs to Gulf Shores totaling $2,417.75, to be paid from the interpleaded

funds.  (*See* doc. 3-62 of Civil Action No. 07-0691-WS-C.)  Thus, the balance of interpleaded funds should be $228,600, less $2,417.75, for a total of $226,182.25, plus any interest that those interpleaded funds may have accrued in the interim.

On October 1, 2007, this action was removed to this District Court.  Unfortunately, the removing parties made no arrangements at that time for the transfer of the interpleaded funds from the Baldwin County Circuit Court to this District Court.  As a result of this oversight, the interpleaded funds have remained on deposit in state court for the last two and a half months despite the fact that there are no corresponding legal proceedings pending in state court.[1]

On December 14, 2007, plaintiffs filed the instant Motion to Transfer and Interplead Funds, in which plaintiffs' counsel represents to the undersigned that "the Circuit Court of Baldwin County requires an Order from this Court directing the transfer of the interplead funds and naming a designated person to receive the interplead funds along with the address to where the funds are to be delivered."  (Doc. 61, ¶ 3.)  No authority is provided for this proposition, and there appears to be substantial question whether, consistent with fundamental notions of comity and federalism, a federal court can validly order a state court to disgorge funds that were previously, properly placed in its custody.[2]

Perhaps detailed briefing by the parties and further research by the Court might reveal a proper basis in law for this Court to order the Circuit Court of Baldwin County to transfer

---

[1]     It is unclear why those interpleaded funds were not transferred to this District Court in the ordinary course after the proceedings to which those funds relate were removed in their entirety to this District Court.

[2]     *See Koken v. Viad Corp.*, 307 F. Supp.2d 650, 655 (E.D. Pa. 2004) ("a federal court generally may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court"); *Sisson v. Campbell University, Inc.*, 688 F. Supp. 1064, 1066 (E.D.N.C. 1988) ("one court, federal or state, shall not disturb the possession and control of specific property which is within the prior jurisdiction of the other court"); *Federal Sav. and Loan Ins. Corp. v. PSL Realty Co.*, 482 F. Supp. 74 (S.D. Ill. 1979) ("once a court of competent jurisdiction takes control of property other courts must respect that jurisdiction and may not exert their own jurisdiction over the property"); *see generally Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) ("federal courts must be wary of infringing on legitimate exercises of state judicial power"); *Roberts v. Childs*, 956 F. Supp. 923, 925 (D. Kan. 1997) ("Federal courts, as a matter of comity, should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts.").

possession of interpleaded funds it is holding.  Perhaps not.  Nonetheless, in the interest of a prompt and pragmatic resolution of this issue, and in recognition of the fact that the case(s) to which the interpleaded funds relate have all been removed to this District Court, the Circuit Court of Baldwin County is hereby **requested** to transfer the subject interpleaded funds pertaining to CV-2007-900038 (which is no longer pending in state court because it was subsequently removed) to this District Court.  Should the Circuit Court of Baldwin County grant this request, the interpleaded funds should be made payable to Charles R. Diard, Clerk, and should be delivered to the Clerk's Office at the United States District Court, 113 St. Joseph Street, Mobile, AL 36602.  The payment should specifically reference this action (*Janice Pigott, et al. v. Sanibel Development, LLC*, Civil Action No. 07-0083-WS-C).  Plaintiffs are responsible for notifying the Circuit Court of Baldwin County of this request and taking all necessary steps to facilitate same.

Upon receipt of the subject funds from the Circuit Court of Baldwin County, the Clerk's Office is **directed** to deposit those funds into a money market account at Bank of America pending further instruction from the Court.  The parties are reminded that, pursuant to the fee schedule promulgated under 28 U.S.C. § 1914, a fee of 10% of the interest earned on the deposited funds will be assessed at the time of disbursement.

DONE and ORDERED this 17th day of December, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE