IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANICE PIGOTT,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0083-WS-C** |
| | ) |
| **SANIBEL DEVELOPMENT, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on a motion bearing the unwieldy style of "Defendant's Combined Motion to Strike, Objections to, and Statement of Appeal of the Magtistrate Judge's Denial of Leave to Supplement Discovery or Extend the Deadline for Supplementation, and Denial of Reconsideration of Said Denial" (doc. 95).

**I.    Background.**

    This consolidated action involves claims by eight plaintiffs[1] against defendant, Sanibel Development, LLC, arising from certain purchase agreements pursuant to which plaintiffs agreed to buy condominium units from Sanibel and, in furtherance of those agreements, paid earnest money and furnished letters of credit. Plaintiffs maintain that those purchase agreements should be revoked, their earnest money returned, and their letters of credit released, because Sanibel failed to comply with certain disclosure requirements under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* With respect to the ILSFDA claims, Sanibel's principal defense is that it is exempt from that statute and is therefore not subject to those disclosure requirements. The viability of that defense is the subject of cross-motions for summary judgment that are currently pending and ripe for disposition.

    At various junctures in this action, Magistrate Judge Cassady has entered routine

---

    [1]     In recent filings, both sides have misspelled the lead plaintiff's name in the caption of this action. Although the Complaint (doc. 1) and the plaintiff's signature and hand-printed name in contract documents (doc. 1, exh. A) clearly identify her as "Janice Pigott," both sides have taken to listing her erroneously as "Janice Piggott" in the caption of their court papers.


scheduling orders to govern the path and timing of this litigation.  On June 5, 2007, he entered a Rule 16(b) Scheduling Order (doc. 28) that, in pertinent part, prescribed the following deadlines: (a) all discovery was to be completed by December 1, 2007; (b) supplemental disclosures and responses as required by Rule 26(e) must be completed by not later than January 2, 2008; and (c) dispositive motions must be filed by December 15, 2007.  (Doc. 28, ¶¶ 2, 7, 12.)[2]  On November 7, 2007, plaintiffs filed a request to extend the discovery deadline through March 31, 2008 "with corresponding adjustments to all other scheduling dates."  (Doc. 56, at 2.)  On that basis, Judge Cassady entered an Amended Rule 16(b) Scheduling Order (doc. 60) that, *inter alia*, extended pretrial deadlines as follows: (a) the discovery completion date was extended to March 31, 2008; (b) the Rule 26(e) supplementation date was extended through April 30, 2008; and (c) the dispositive motions deadline was reset for April 14, 2008.  (Doc. 60, ¶¶ 1, 3, 4.)  Eight days after the discovery completion date, Sanibel requested further modification of the Scheduling Order; however, that request on its face addressed only the summary judgment deadline and the Rule 26(a)(3) pretrial disclosure deadline, with "the remainder of the Scheduling Order to remain unchanged."  (Doc. 77, at 5.)  Significantly, Sanibel omitted any request for enlargement of the Rule 26(e) supplementation deadline, which was then fixed at April 30, 2008.  In his discretion, Judge Cassady granted Sanibel's request, providing for a new dispositive motions deadline of June 1, 2008, and a Rule 26(a)(3) disclosure deadline of July 21, 2008, with the Scheduling Order explicitly remaining unchanged in all other respects.  (Doc. 78.)

The net result of the foregoing is that the parties in this action were subject to a clear, unambiguous Rule 26(e) supplementation deadline of April 30, 2008.[3]  Defendant never objected

---

[2] The original Rule 16(b) Order also contained a provision (never abrogated or altered by the subsequent modifications) that "this scheduling order shall not be modified except upon a showing of good cause and by leave of court."  (Doc. 28, ¶ 14.)

[3] It has long been customary in this District Court for the supplementation deadline to be pegged to the discovery completion date, with a 30-day interval between them.  The rationale for linking these two deadlines is that the parties are allowed to conduct and complete discovery, then to have 30 days after that completion date to scour their records and files, examine and evaluate the other side's submissions, and determine whether any supplementation is warranted.  Contrary to defendant's suggestion, the Rule 26(e) deadline is not intended to provide a safety valve to a party who recognizes in the course of preparing a motion for

to that setting, nor did it ever request enlargement of that date prior to its expiration.

On June 13, 2008, some 44 days after the expiration of the Rule 26(e) deadline, Sanibel filed a perfunctory Motion for Leave to Supplement Its Responses to Discovery (doc. 85) stating that "[d]uring the course of preparing the defendant's dispositive motion the defendant's counsel learned that some of its responses to some of the plaintiffs' interrogatories are in error and are in need of supplementation." (Doc. 85, ¶ 4.)[4] The Motion was referred to Judge Cassady, who entered a briefing order on June 16, providing that the Motion would come under submission on June 23 and that any response to that Motion must be filed on or before that date. (Doc. 87.) The June 16 Order made no allowance for reply briefs, and Sanibel never requested an opportunity to submit a reply. Plaintiffs submitted their opposition brief (doc. 86) on June 16, well in advance of the deadline.[5] Inasmuch as no other briefing had been authorized, Judge Cassady took the Motion under submission upon receipt of plaintiffs' opposition, and entered an Order (doc. 88) on June 19 denying the Motion for Leave to Supplement. As grounds for such denial, Judge Cassady explained that the April 30 deadline was clear, that Sanibel had failed to come forward with showing "why it was not ... able to discern, within thirty days of the close of discovery, the need to modify its answers," and that Sanibel had failed to show either due diligence or exceptional circumstances supporting a modification of the Scheduling Order at this late date.

---

summary judgment that its discovery responses are erroneous or incomplete; rather, the Rule 26(e) deadline is tied to the discovery completion date, not the Rule 56 filing date.

[4] Of course, defendant had filed its Motion for Summary Judgment some 12 days earlier, and had presumably discovered the need for supplementation even earlier than that. Yet Sanibel's Motion failed to explain why it had tarried until June 13 before requesting enlargement of the Rule 26(e) deadline. Nor did Sanibel's Motion identify any reason why supplementation could not have been completed with reasonable diligence prior to the April 30 deadline set by the applicable Scheduling Order.

[5] Sanibel immediately began crafting a reply brief; however, Judge Cassady was clearly unaware of that fact, inasmuch as Sanibel neither requested leave to file such a brief nor even notified him that it was doing so. Given that no reply briefs had been requested or authorized, it was entirely proper for Judge Cassady to take the Motion under submission upon receipt of plaintiffs' response, notwithstanding the June 23 submission date recited in the briefing schedule.

Sanibel's response to the June 19 Order was to file a 14-page Motion to Reconsider (doc. 89), complaining that it should have been allowed to file a reply before the initial motion was taken under submission. Sanibel also advanced multi-pronged objections to the ruling, including the following: (1) that plaintiffs were not prejudiced because the supplemental evidence "was not new evidence, but merely evidence additional to the evidence" previously disclosed; (2) that the practical effect of Judge Cassady's ruling was to deprive Sanibel of one of the two ILSFDA exemptions on which its defense of this action is predicated; (3) that the requested extension of the supplementation deadline would have reset it for 16 days after the dispositive motion deadline, a similar interval to those prescribed in previous iterations of the Scheduling Order; (4) that it was not Sanibel's fault its discovery responses were erroneous, but was instead the fault of Sanibel's counsel and/or third parties; and (5) that Judge Cassady's purported dismissal with prejudice of one of its defenses was "far too harsh a sanction," was "devastating" and should be re-examined under Rules 37 and 41. Notably absent from the Motion to Reconsider was any discussion of the appropriate legal framework for reconsideration, much less any argument for why Sanibel believed these circumstances fit within that framework to warrant reconsideration.

On June 26, 2008, Judge Cassady entered a 7-page Order (doc. 91) denying the request for reconsideration. The June 26 Order correctly noted that "reconsideration of an order is an extraordinary remedy which is to be employed sparingly," but may be appropriate upon a showing of newly discovered evidence or clear error. (Doc. 91, at 4.) The Motion to Reconsider was denied on the grounds that defendant had engaged in "wholesale failure to set forth a proper basis for ... reconsideration" under the applicable legal standard, that the April 30 supplementation deadline was clearly established, that defendant had missed that deadline by six weeks, that defendant had failed to proffer any meaningful justification for such omission, and that Sanibel's attempt to characterize the June 19 Order as an imposition of Rule 37 sanctions dismissing a defense with prejudice is counterfactual.

In a lengthy 17-page Motion (doc. 95), Sanibel now appeals both the June 19 Order and the June 26 Order to this Court. The appeal is meritless in all respects.

**II.     The Magistrate Judge Did Not Exceed His Authority.**

As an initial matter, Sanibel attacks both the June 19 and June 26 Orders as rulings on dispositive matters that exceeded Magistrate Judge Cassady's authority and jurisdiction pursuant

to Rule 72, Fed.R.Civ.P.[6]

Rule 72 fundamentally differentiates between nondispositive and dispositive matters, for purposes of delineating the authority of magistrate judges. If "a pretrial matter [is] not dispositive of a party's claim or defense," then the magistrate judge may enter an order deciding that matter, subject to the requirement that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Rule 72(a), Fed.R.Civ.P. By contrast, if a magistrate judge hears, without the partes' consent, "a pretrial matter dispositive of a claim or defense," then the recommended disposition is subject to the limitation that "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b), Fed.R.Civ.P. Simply put, then, the appropriate standard of review turns on whether Magistrate Judge Cassady's rulings concern dispositive or nondispositive matters.

The June 19 and 26 Orders did nothing more than deny Sanibel leave to supplement its discovery responses out of time. This kind of discovery/scheduling matter was manifestly nondispositive in character, and lies in the heartland of the types of nondispositive issues as to which magistrate judges routinely enter orders rather than reports and recommendations. *See, e.g., Sprint Communications Co. v. Vonage Holdings Corp.*, 500 F. Supp.2d 1290, 1346 (D. Kan. 2007) ("it is generally accepted that a magistrate judge's order on [a motion to amend pleadings] is regarded as nondispositive" for purposes of district judge review); *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y. 2004) ("discovery matters are generally considered non-

---

[6] Sanibel couches this argument as a motion to strike both Orders. Tellingly, defendant identifies no authority whatsoever for the proposition that a magistrate judge ruling on a dispositive matter must be stricken if it is framed as an order rather than a report and recommendation. District courts are empowered to modify or set aside magistrate judge dispositions in certain circumstances, but Rule 72 nowhere confers authority on a district court to strike a magistrate judge ruling that oversteps its authority. The remedy requested (*i.e.*, the striking of the June 19 and June 26 Orders) is without discernible legal basis; therefore, the Motion to Strike is **denied**. *See generally English v. CSA Equipment Co.*, 2006 WL 2456030, *2 & n.5 (S.D. Ala. Aug. 22, 2006) (describing narrow circumstances under which draconian remedy of striking material from court file is appropriate). If Sanibel is correct that the June 19 and June 26 Orders constitute "dispositive" rulings for Rule 72 purposes, then the proper remedy is for those orders to be construed as reports and recommendations reviewable by this Court on a *de novo* basis, not for them to be excised from the court file altogether.

dispositive and thus governed by Rule 72(a)"); *Agan v. Katzman & Korr, P.A.*, 328 F. Supp.2d 1363, 1365 n.1 (S.D. Fla. 2004) ("It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order."); *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003) ("rulings on discovery or on evidence ... are *not* dispositive rulings in any sense"); *Cuenca v. University of Kansas*, 205 F. Supp.2d 1226, 1228 (D. Kan. 2002) (magistrate judge's ruling concerning amendment of scheduling order is nondispositive matter); *Villafana v. Auto-Owners Ins.*, 2007 WL 1810513, *1 (S.D. Ala. June 22, 2007) (magistrate judge's ruling excluding plaintiff's expert from testifying is nondispositive).

Notwithstanding the foregoing, Sanibel insists that Judge Cassady's denial of its request to extend a scheduling order deadline amounts to a harsh sanction dismissing one of its ILSFDA defenses with prejudice because it effectively prevents Sanibel from proffering evidence in support of that defense. The Court rejects this argument for three reasons. First, it flies in the face of Judge Cassady's delineation of the very narrow breadth of his rulings. As he explained:

> "[N]owhere in the undersigned's order is mention made of Rule 37 sanctions nor does the undersigned find that the defendant need be sanctioned by dismissal of one of its defenses with prejudice. Rather, the order is nothing more than what it purports to be and that is a denial of the defendant's untimely request for leave to supplement its responses to discovery."

(Doc. 91, at 7 n.3.) In light of this very clear, correct explanation, defendant's suggestion that Judge Cassady improperly dismissed one of its defenses with prejudice is a distortion of his rulings.

Second, to the extent that Sanibel is protesting that the consequences of Judge Cassady's ruling might be deleterious to its ability to put on evidence of a defense, Sanibel fails to identify a single authority in which the dispositive/nondispositive character of a matter for Rule 72 purposes is evaluated by reference to the ultimate repercussions of the ruling rather than the specific matter decided. Third, case law is abundant for the common-sense proposition that a magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because that ruling ultimately affects the outcome of a claim or defense. *See, e.g., Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450, 456 (D.N.J. 1998) ("I review a magistrate judge's evidentiary determinations regarding expert

testimony, even where they may ultimately affect the outcome of a claim or defense, as non-dispositive orders entered pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Jesselson v. Outlet Associates of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) (magistrate judge's ruling excluding evidence that may substantially affect plaintiffs' ability to present their case is nondispositive, inasmuch as magistrate did not reach merits of plaintiffs' case, but simply made evidentiary rulings without regard to their impact on the litigation's outcome); *Melton v. Jewell*, 2006 WL 5175756, *1 n.1 (W.D. Tenn. Feb. 17, 2006) (magistrate judge's evidentiary rulings are non-dispositive orders, even where they may ultimately affect the outcome of a claim or defense); *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 2004 WL 2550309, *2 (D.N.J. Oct. 1, 2004) ("even if a magistrate judge's order has the potential to materially affect the outcome of an issue, the order should still be reviewed under the more deferential standard").[7]

For all of the foregoing reasons, the Court concludes that Magistrate Judge Cassady's rulings which, on their face, do not address the merits of the case and are confined to the purely ministerial matter of whether untimely supplementation of discovery responses will be permitted, are plainly nondispositive in character. As such, Sanibel's objections that the June 19 and June 26 Orders should be set aside as exceeding the Magistrate Judge's authority, or its unstated implication that those orders should be reviewed on a *de novo* basis pursuant to Rule 72(b), are **overruled** in their entirety. The underlying decisions are unquestionably limited to nondispositive matters; therefore, they will be examined on appeal in accordance with the "clearly erroneous or contrary to law" standard prescribed by Rule 72(a).

### III.    The Magistrate Judge Did Not Clearly Err or Rule Contrary to Law.

#### A.    *Legal Standard.*

As stated *supra*, the Court is of the opinion that the instant appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall

---

[7] Were the law otherwise, nondispositive magistrate judge rulings would be vanishingly rare; after all, virtually every decision on discovery, scheduling, evidentiary and other matters has the potential to affect the ultimate outcome of a claim or defense. That is simply not the test for distinguishing between dispositive and nondispositive motions pursuant to Rules 72(a) and (b).

consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ....").

       The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Dochniak v. Dominium Management Services, Inc.*, 240 F.R.D. 451, 452 (D. Minn. 2006); *see also Graham v. Mukasey*, 247 F.R.D. 205, 207 (D.D.C. 2008) (magistrate judge's ruling in discovery dispute "is entitled to great deference").[8] Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Murphy v. Gardner*, 413 F. Supp.2d 1156, 1162 (D. Colo. 2006) (citation and internal quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp.2d 1348, 1350 (M.D. Ala. 2007) (in reviewing magistrate judge's discovery order, "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge") (citation omitted); *Botta v. Barnhart*, 475 F. Supp.2d 174, 185 (E.D.N.Y. 2007) (clearly erroneous threshold is satisfied only if reviewing court "is left with the definite and firm conviction that a mistake has been committed") (citation omitted). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp.2d 277, 279 (S.D.N.Y. 2008) (citation and

---

[8] As one prominent commentator observed, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Wright, Miller & Marcus, *Federal Practice & Procedure Civ.2d* § 3069.

internal quotations omitted); *see also Botta*, 475 F. Supp.2d at 185 (similar).[9]

### B.     Analysis.

In ascribing error to the June 19 Order, Sanibel first protests that Magistrate Judge Cassady did not have the benefit of the parties' positions and that he entered said Order prior to the submission date, thereby depriving Sanibel of the opportunity to submit a reply brief.  The Court finds no error.  As noted above, nothing in the briefing schedule purported to contemplate or authorize Sanibel to submit a reply brief.  Moreover, nothing in the Federal Rules of Civil Procedure or the Local Rules of this District Court affords movants an absolute right to submit a reply brief before their motions are decided.  Discovery and scheduling matters in this District Court are routinely taken under submission based exclusively on the motion and any opposition brief, with no provision for replies.  Had Sanibel wished to file a reply, its proper recourse should have been promptly to file a motion requesting leave to submit a reply, or at a minimum to contact Magistrate Judge Cassady's chambers to inform him that it intended to file a reply on or before the 23rd.  It did neither.  Instead, Sanibel merely assumed that it had until the 23rd to file any reply brief that it saw fit.  This assumption was unfounded and unwarranted.  In any event, as of the entry of the June 19 Order, Magistrate Judge Cassady had no information before him suggesting that Sanibel was preparing a reply brief that it deemed critical to a full exposition of its position on the underlying motion.  Sanibel's failure to communicate its intentions to the Magistrate Judge does not render the Magistrate Judge's ruling clearly erroneous or contrary to law.  Nor was the June 19 Order premature.  The authorized briefing had concluded with plaintiffs' opposition filed on June 16, and (in the absence of any indication that Sanibel wished to be heard in reply or any authorization from the Magistrate Judge for same) it was entirely appropriate for the matter to be taken under submission at that time.

---

[9]     "Parties must take before the magistrate, not only their best shot but all of their shots."  *Frank Martin Sons, Inc. v. John Deere Const. & Forestry Co.*, 542 F. Supp.2d 101, 107 (D. Me. 2008) (citation omitted); *see also U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) ("In reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge."); *cf. Stephens v. Tolbert*, 471 F.3d 1173 (11th Cir. 2006) (concluding as a matter of first impression that district court did not abuse discretion in accepting argument raised for first time in objections to magistrate judge's report and recommendation concerning dispositive matter).

Next, Sanibel assigns error to Magistrate Judge Cassady's decision not to link the Rule 26(e) supplementation deadline to the dispositive motions deadline. Throughout his various scheduling orders entered in this case, the Magistrate Judge consistently, uniformly and properly set the Rule 26(e) deadline for 30 days after the close of discovery, without regard to the applicable dispositive motions deadline. Defendant's suggestion that structuring the scheduling orders in this manner was clearly erroneous or contrary to law borders on frivolity. Besides, defendant's argument obscures the issue. The orders from which Sanibel is appealing are not the scheduling orders themselves, but instead are the orders in which Magistrate Judge Cassady concluded that Sanibel had failed to make the requisite showing of diligence and good cause to excuse its noncompliance with the scheduling order deadline for supplementation under Rule 26(e).

Sanibel additionally takes issue with the Magistrate Judge's determination that it had failed to explain why it was unable to discern, within 30 days after the close of discovery, the need to modify its discovery responses. The Court has reviewed Sanibel's submissions in detail, and concludes that Magistrate Judge Cassady's finding in this regard was accurate. Even after dozens of pages of briefing, it remains unclear why Sanibel could not have identified the need for supplementation and completed such supplementation prior to the court-ordered deadline, had it acted with reasonable diligence. Scheduling order deadlines are neither aspirational nor optional, and are disregarded at a litigant's peril. To modify such a deadline, a party must make a showing of diligence. *See, e.g., Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (request for modification of scheduling order is governed by Rule 16(b) good cause standard, which precludes modification unless schedule cannot be met despite diligence of party seeking extension). Sanibel has not.

Finally, Sanibel protests that "we regard the magistrate's order as the irrevocable dismissal of a defense." (Doc. 95, at 14.) As the Court has previously explained, it is no such thing. This assignment of error is wholly without merit.

## IV.     Conclusion.

After all the dust has settled, this is a very simple matter. Magistrate Judge Cassady set a clear deadline of April 30, 2008 for the parties to supplement their discovery responses. Six weeks after that deadline, and after motions for summary judgment had been filed, defendant

came forward for the first time requesting leave to supplement its responses out of time. Defendant made no showing of good cause, presented no evidence of diligence, and offered no explanation for why (if the supplemental information were of such vital importance to one of its claimed ILSFDA defenses) it could not have complied with the scheduling order deadline. Magistrate Judge Cassady determined that no extension of the Rule 26(e) supplementation deadline was warranted. This determination was neither clearly erroneous nor contrary to law; to the contrary, it was entirely just and proper under Rule 16(b), Fed.R.Civ.P. That his ruling may visit certain hardships on defendant with regard to one of its defenses does not transmogrify the simple scheduling/discovery orders into rulings on dispositive matters to which *de novo* review applies. Even if it did, the Court cannot find that the Magistrate Judge's rulings constituted error at all, much less that they amounted to clear error or were contrary to law, as would be necessary to set aside or modify them pursuant to Rule 72, Fed.R.Civ.P.

For all of the foregoing reasons, Sanibel's Combined Motion to Strike, Objections to, and Statement of Appeal (doc. 95) is **denied**, its objections are **overruled**, and the Magistrate Judge's Orders (docs. 88 & 91) are **affirmed** in their entirety.

DONE and ORDERED this 23rd day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE